UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MATTHEW GARRETT COLLINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-15-1294-R |
| PAYNE COUNTY et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Matthew Garrett Collins, a convicted state prisoner appearing pro se and proceeding *in forma pauperis*, has filed suit under 42 U.S.C. § 1983, seeking damages against two county prosecutors. *See* Compl. (Doc. No. 1) at 2-4, 6-7.[1] United States District Judge David L. Russell has referred Plaintiff's case to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that the Complaint be dismissed on screening.

STANDARD OF REVIEW

The Court must screen Plaintiff's pleading in order to identify its cognizable claims and to dismiss the pleading, or any portion thereof, that fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). To survive dismissal a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Kay v. Bemis*, 500 F.3d 1214, 1217-

---

[1] Citations to documents filed with this Court use the page and exhibit numbers assigned by CM/ECF.

18 (10th Cir. 2007). A claim is facially plausible when the well-pled factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law. *Iqbal*, 556 U.S. at 678, 679; *see Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). A pro se plaintiff's complaint is "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must allege "facts on which a recognized legal claim could be based," *id.*, and district courts should not "construct . . . claims or grounds [for] relief" not fairly presented in the complaint, *Windsor v. Colo. Dep't of Corr.*, 9 F. App'x 967, 970 (10th Cir. 2001).

PLAINTIFF'S ALLEGATIONS AND RELIEF SOUGHT

Plaintiff filed this action while detained at the Payne County Jail in Stillwater, Oklahoma. *See* Compl. at 1. His allegations stem from two Defendants' involvement in the state-court prosecution that resulted in Plaintiff's felony conviction and sentence of a term of imprisonment.[2] *See id.* at 6-7 (citing *State v. Collins*, No. CF-2011-268 (Payne Cnty. Dist. Ct.)). Specifically, Plaintiff alleges that Assistant District Attorney Mike Kulling offered Plaintiff an "illegal deal" because Defendant Kulling "wanted a

---

[2] Plaintiff also lists Payne County, Oklahoma, as a Defendant in the case caption, but he does not identify the County as a Defendant in the body of the Complaint or allege any facts reasonably suggesting that the County may be held liable under § 1983 for violating Plaintiff's federal constitutional rights. *See* Compl. at 1, 4, 6-8. All claims against Defendant Payne County therefore should be dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

conviction" even though Plaintiff's "case should [have] been dropped." *Id.* at 7. Plaintiff asserts that he "was locked up for 3 years under" the resulting "illegal sentence at which time [he] lost [his] wife and family" and "all [of his] possessions." *Id.* at 6. He asks this Court to award him $1100 for each day he was either imprisoned or on probation "under this illegal sentence." *Id.* at 7.

ANALYSIS

A plaintiff seeking to hold a state-actor defendant personally liable under § 1983 must ultimately prove that such defendant, "through the official's own individual actions, has violated" a right secured to the plaintiff by the Constitution and laws of the United States. *Iqbal*, 556 U.S. at 676; *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). At the pleading stage, this requires the plaintiff to allege well-pled facts—as opposed to legal conclusions or unadorned assertions—supporting a reasonable inference that the defendant, while acting under color of state law, was personally involved in the conduct complained of and acted with the state of mind required to violate the federal right in question. *See Iqbal*, 556 U.S. at 678-79; *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011); *Elliott v. Chrysler Fin.*, 149 F. App'x 766, 768-69 (10th Cir. 2005).

Plaintiff's sparse pleading largely "fails to provide the information necessary to inform the district court whether relief is available, or to allow [Defendants] to file a meaningful and responsive pleading" in this action should one be required. *Bakalov v. Utah*, 4 F. App'x 654, 657 (10th Cir. 2001). For example, the pleading contains no facts describing the role of Defendant Debra Vincent, the Payne County District Attorney, in obtaining the allegedly "illegal sentence" for which Plaintiff now seeks to recover

3

damages.³  Compl. at 4, 6-7.  Plaintiff's allegations that Defendant Kulling offered him an "illegal deal" and that Plaintiff was then incarcerated "under an illegal sentence" are legal conclusions that are not entitled to a presumption of truth.  *See Iqbal*, 556 U.S. at 679.  The few well-pled factual allegations that remain—i.e., that Defendant Kulling prosecuted Plaintiff knowing the case should have been dropped because he simply wanted a conviction, and that Plaintiff lost his wife, family, and possessions while incarcerated for three years—offer little more than an "unadorned, the-defendant-unlawfully-harmed-me accusation," which necessarily fails to state a plausible claim for relief under § 1983.  *See Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's pleading makes clear that a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence" in the state-court prosecution.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see* Compl. at 6-7.  Thus, even if Plaintiff described Defendant Kulling's "illegal" trial conduct in greater detail, the "complaint must be dismissed unless [Plaintiff] can demonstrate that the conviction or sentence" has already "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

³ Plaintiff notes that he is suing Defendant Vincent in her official capacity only.  *See* Compl. at 4.  Thus, even if Plaintiff described Defendant Vincent's conduct in sufficient detail to state a cognizable claim under 42 U.S.C. § 1983, the claim would be subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2) due to Defendant Vincent's Eleventh Amendment immunity from suit.  *See Beals v. Webb*, No. CIV-15-194-C, 2015 WL 8654450, at *3 (W.D. Okla. Nov. 24, 2015) (R. & R.), *adopted*, 2015 WL 8678409 (W.D. Okla. Dec. 11, 2015).  Plaintiff's § 1983 claim for damages against Defendant Kulling in his official capacity, *see* Compl. at 4, must also be dismissed without prejudice on this ground.  *See Peterson v. Lampert*, 499 F. App'x 782, 786 (10th Cir. 2012); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).

question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.*

Plaintiff does not allege that his conviction or sentence has already been invalidated as required to maintain a cause of action under § 1983. *See* Compl. at 4-8. A review of the docket in *State v. Collins* also reveals that Plaintiff's conviction and sentence remain intact and that a bench warrant was recently issued for Plaintiff's arrest after he failed to appear for a court hearing in that case. *See Collins*, No. CF-2011-268 (Payne Cnty. Dist. Ct.) (docket entries of April 30, 2012, December 18, 2015, and April 1, 2016).[4] Accordingly, Plaintiff's § 1983 claim is premature under *Heck*, and the Court must dismiss the Complaint without prejudice for failure to state a claim upon which relief can be granted. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007)); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 560 n.5 (10th Cir. 1999); *cf. Ames v. Oklahoma*, 158 F. App'x 114, 116-17 (10th Cir. 2005) (holding that prisoner's § 1983 claim seeking damages for "false imprisonment" resulting from "the alleged use of false testimony, planted evidence, and the destruction of favorable evidence" was properly dismissed under § 1915A).

---

[4] The undersigned takes judicial notice of the docket for Plaintiff's state-court proceeding, which is publicly available through http://www.oscn.net.

## RECOMMENDATION

The undersigned recommends that the Complaint (Doc. No. 1) be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of November, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE